**In re Petition for DISCIPLINARY ACTION AGAINST Michael Lee MARTINEZ, an Attorney at Law of the State of Minnesota.**

No. C3–00–451.

Supreme Court of Minnesota.

July 25, 2000.

### ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Michael Lee Martinez has committed professional misconduct warranting public discipline, namely, respondent failed to file or pay employee withholding tax returns, failed to adequately communicate with clients, failed to diligently pursue several client matters, and failed to cooperate with the Director's Office in its investigation of client complaints,

in violation of Minn. R. Prof. Conduct 1.3, 1.4, 1.16(d), 8.1(a)(3) and 8.4(d).

Respondent admits his conduct violated the Rules of Professional Conduct, waives his rights pursuant to Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and has entered into a stipulation with the Director wherein they jointly recommend that the appropriate discipline is a 60-day suspension followed by 2 years of supervised probation subject to the following conditions:

(1) Respondent shall pass the professional responsibility portion of the state bar examination within one year of the date of this court's order;

(2) Respondent shall comply with Rule 26, RLPR;

(3) Prior to reinstatement, respondent shall enter into agreements satisfactory to the Internal Revenue Service (IRS) and the Minnesota Department of Revenue (DOR) for the payment of all unpaid employer withholding taxes. Respondent shall provide copies of the payment agreements and proof of currency on payments required by the agreement to the Director. If, prior to reinstatement, agreements with the IRS and/or DOR have not been reached despite diligent effort by respondent, respondent shall report to the Director concerning his progress in reaching agreement. Such reports shall continue after reinstatement on a monthly basis until written agreements have been signed by both the IRS and DOR;

(4) Respondent shall be reinstated to the practice of law following expiration of his suspension provided that at least 15 days before the expiration of the suspension period respondent files an affidavit with the Clerk of Appellate Courts and Director's Office establishing that he is current with continuing legal education requirements, has fully complied with Rules 24 and 26, RLPR, and has satisfactorily completed all other conditions imposed by the court;

(5) Upon reinstatement, respondent shall be on probation for 2 years subject to the following conditions:

(a) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

(b) Respondent shall abide by the Minnesota Rules of Professional Conduct.

(c) Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Respondent shall provide to the Director the names of four attorneys who have agreed to be nominated as respondent's supervisor at least two weeks prior to respondent being reinstated to the practice of law. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, the respondent shall, on the first day of each month, provide the Director with an inventory of active client files described in paragraph (d) below. Respondent shall make active client files available to the Director upon request.

(d) Respondent shall cooperate fully with the supervisor in his/her efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active

file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may be reasonably requested by the Director.

(e) Within 30 days after his being reinstated to the practice of law, respondent shall provide to the Director and to the probation supervisor, if any, a written plan outlining office procedures designed to ensure that respondent is in compliance with probation requirements. Respondent shall provide progress reports as requested.

(f) Respondent shall initiate or continue current treatment by a licensed consulting psychologist or other mental health professional acceptable to the Director, and shall complete all therapy programs recommended by the therapist.

(g) Respondent shall timely file all required employer withholding returns and timely pay the taxes due thereon. Respondent shall affirmatively report to the Director, on or before the due date of the required returns, his compliance with filing and payment requirements. Such reports shall include copies of the required returns. On or before the filing deadline, respondent shall provide the Director with copies of all applications for filing extension and proof of approval of such applications. Respondent shall provide all of the documents and information required herein without specific reminder or request.

(h) If at any time during the period of probation, after giving respondent an opportunity to be heard by the Director, the Director concludes that respondent has violated the conditions of the probation or engaged in further misconduct, the Director may file a petition for disciplinary action against respondent in the Minnesota Supreme Court without the necessity of submitting the matter to a Panel or Panel Chair. Respondent waives the right to such consideration by the Panel or Panel Chair.

This court has independently reviewed the file and approves the jointly-recommended disposition.

IT IS HEREBY ORDERED that respondent Michael Lee Martinez is suspended from the practice of law for 60 days with the suspension to take effect 14 days from the date of this order, subject to the reinstatement and probation conditions jointly agreed to and stated above. Respondent is further ordered to pay $900 in costs and $441.05 as disbursements pursuant to Rule 24, RLPR.

BY THE COURT:
Alan C. Page
Associate Justice