In re Petition for DISCIPLINARY AC-
TION AGAINST Michael Lee MAR-
TINEZ, an Attorney at Law of the
State of Minnesota.

No. C3–00–451.

Supreme Court of Minnesota.

Jan. 21, 2003.

## ORDER

The Director of the Office of Lawyers
Professional Responsibility has filed a pe-
tition for disciplinary action and a supple-
mentary petition for disciplinary action
alleging that respondent Michael Lee
Martinez has committed professional mis-
conduct warranting public discipline,
namely, respondent failed to adequately
communicate with clients, failed to dili-
gently pursue several client matters,
failed to return client files, failed to coop-
erate with the Director's Office in its in-
vestigation of client complaints, and failed
to provide evidence of compliance with
this court's prior disciplinary order sus-
pending respondent. *See In re Martinez*,
615 N.W.2d 272 (Minn.2000). The Di-
rector alleged in the petitions that re-
spondent's misconduct violated Minn. R.
Prof. Conduct 1.3, 1.4, 1.16(d), 3.2, 4.1,
8.1(a)(3) and 8.4(c), and Rule 25, Rules on
Lawyers Professional Responsibility
(RLPR).

The parties have entered into a stipula-
tion in which respondent waives his rights
under Rule 14, RLPR, and admits the
misconduct. The parties jointly recom-
mend that the appropriate discipline is in-
definite suspension with no right to apply
for reinstatement for four months. The
parties further recommend that: (1) re-
spondent be required to petition for rein-
statement under Rule 18(a)–(d), RLPR;
(2) respondent be required to demonstrate
that he is psychologically fit to practice
law in any reinstatement proceeding; (3)
respondent successfully complete the pro-
fessional responsibility bar examination
within one year of this court's order, (4)
respondent comply with Rule 26, RLPR,
and (5) respondent pay $900 in costs and
$135 in disbursements under Rule 24,
RLPR.

The parties also recommend that upon
reinstatement respondent be placed on su-

pervised probation for two years subject to the following conditions:

a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

b. Respondent shall abide by the Minnesota Rules of Professional Conduct.

c. Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. At the time he is reinstated, respondent shall provide to the Director the names of four attorneys who have agreed to be nominated as respondent's supervisor. If, after diligent search, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, the respondent shall on the first day of each month provide the Director with an inventory of active client files described in paragraph d. below. Respondent shall make active client files available to the Director upon request.

d. Respondent shall cooperate fully with the supervisor in his/her efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

e. At the time of his being reinstated to the practice of law, respondent shall provide to the Director and to the probation supervisor, if any, a written plan outlining office procedures designed to ensure that respondent is in compliance with probation requirements. Respondent shall provide progress reports as requested.

f. Respondent shall initiate or continue current treatment by a licensed consulting psychologist or other mental health professional acceptable to the Director, and shall complete all therapy programs recommended by the therapist.

g. Respondent shall timely file all required employer withholding returns and timely pay the taxes due thereon. Respondent shall affirmatively report to the Director, on or before the due date of the required returns, his compliance with filing and payment requirements. Such reports shall include copies of the required returns. On or before the filing deadline, respondent shall provide the Director with copies of all applications for filing extension and proof of approval of such applications. Respondent shall provide all of the documents and information required herein without specific reminder or request.

This court has independently reviewed the file and approves the jointly recommended disposition.

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that respondent Michael Lee Martinez is indefinitely suspended from the practice of law with no right to apply for reinstatement for four months and subject to the agreed-upon conditions set forth above. Upon reinstatement, respondent shall be placed on supervised probation subject to the agreed-upon conditions of probation set forth above. Respondent shall pay $900 in costs and $135 in disbursements under Rule 24, RLPR.

BY THE COURT:

/s/ Paul H. Anderson
Associate Justice